IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:24-cv-00007-BO-KS

SHERRY ROYAL STRICKLAND,
*Administrator of the Estate of*
*Henry Thomas Strickland,*
      Plaintiff,

v.

ECOHEALTH ALLIANCE, INC.,
      Defendant.

O R D E R

This matter is before the Court on Defendant EcoHealth's motion to dismiss [DE 9] for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). A hearing on this matter was held by the undersigned on November 14, 2024, in Elizabeth City, North Carolina. The Court concludes that it lacks personal jurisdiction over the defendant and that the plaintiff has failed to state a claim. As such, the motion to dismiss is granted.

## BACKGROUND

On January 4, 2022, Henry Strickland passed away as a result of infection with COVID-19. Sherry Strickland, the administrator of Henry Strickland's estate, filed the present wrongful death suit against EcoHealth Alliance, Inc., a nonprofit based in New York that helps lead scientific research into human, animal, and environmental health.

Strickland alleges that EcoHealth funneled grant money from the National Institutes of Health to the Wuhan Institute of Virology [DE 1 at 4]. She alleges that EcoHealth knew or should

have known that the Wuhan Institute of Virology was conducting gain-of-function[1] research that made coronaviruses more dangerous to humans, and that EcoHealth knew or should have known that it lacked oversight over the safety protocols utilized in Wuhan. *Id.* Strickland further alleges that the SARS-CoV-2 virus leaked from the Wuhan Institute of Virology and became a world-altering pandemic, eventually resulting in the death of Henry Strickland. *Id.* at 5.

Strickland claims that EcoHealth's negligent funding of the Wuhan Institute of Virology directly and proximately caused Henry's death. *Id.* at 5. She filed suit to hold EcoHealth liable for Henry's wrongful death, suffering, and loss of companionship. *Id.*

## ANALYSIS

Defendant EcoHealth has moved to dismiss the complaint [DE 9] pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The Court will first address whether it has personal jurisdiction over this matter.

Where a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff has the burden of showing that jurisdiction exists. *See New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005); *Young v. F.D.I.C.*, 103 F.3d 1180, 1191 (4th Cir. 1997). The exercise of personal jurisdiction is lawful "if [1] such jurisdiction is authorized by the long-arm statute of the state in which it sits and [2] the application of the long-arm statute is consistent

---

[1] Gain-of-function research is defined as "experimentation that aims or is expected to… increase the transmissibility and virulence of pathogens." Michael J. Selgelid, *Gain-of-Function Research: Ethical Analysis*, 22 SCI. & ENG'G ETHICS 923–54, 923 (2016). Such experiments, like genetic modification or selective breeding, can make pathogens more capable of infecting humans and causing damage to the body. This type of research aims to improve our understanding of disease-causing agents like viruses and bacteria, how they interact with humans, and how to respond to emerging biological threats.

2

with the due process clause of the Fourteenth Amendment." *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009).

I. **North Carolina's long-arm statute does not authorize personal jurisdiction over Defendant EcoHealth.**

In a diversity case, personal jurisdiction is first analyzed under the forum state's long arm statute. North Carolina General Statute § 1-75.4(4) relevantly provides that state courts may exercise personal jurisdiction over entities outside of the state:

> "In any action for wrongful death occurring within this State or in any action claiming injury to person or property within this State arising out of an act or omission outside this State by the defendant, provided in addition that at or about the time of the injury either:
> a. Solicitation or services activities were carried on within this State by or on behalf of the defendant…"

Here, plaintiff's complaint does not contain allegations of any "solicitation or services activities" that were carried on by EcoHealth within North Carolina. The declaration of Peter Daszak, President of EcoHealth, confirms that EcoHealth has not had any offices, stationed any employees, owned any real estate, or conducted any business in North Carolina [DE 10-1 at 2].

In plaintiff's reply to the motion to dismiss, plaintiff argues that EcoHealth has engaged in "solicitation or services activities." Plaintiff points to Dr. Ralph Baric, a professor at the University of North Carolina who helped EcoHealth author a 2018 research grant that proposed editing coronavirus spike proteins and that was presented to, and rejected by, the Defense Advanced Research Projects Agency [DE 15 at 16]. Dr. Baric was also added to the Wuhan research grant, but did not draw any funds from the project or conduct any research into related coronaviruses before the project was terminated. *Interview of Ralph S. Baric, Ph.D: Before the H. Comm. on Oversight & Accountability*, 118th Cong. 164 (2024).

North Carolina courts interpreting N.C. Gen. Stat. § 1-75.4(4)(a) have found that "solicitation or services activities" can include repetitive phone calls and communications. *Carson*

3

*v. Brodin*, 585 S.E.2d 491, 495 (N.C. App. 2003) (visitation, phone calls, and billing constitute solicitation); *Cooper v. Shealy*, 537 S.E.2d 854, 857 (N.C. App. 2000) (phone calls and emails to plaintiff's spouse were solicitations in criminal conversation claim). However, those cases are inapposite as they involve repeated phone calls to either the plaintiff themselves or the plaintiff's family members with the explicit purpose of encouraging the contacted person to undertake some activity—not, as plaintiff alleges here, working calls to an individual entirely unrelated to the plaintiff. The Court is not persuaded that working phone calls or emails to a single unrelated individual in a state constitute "solicitation or services," and will not read North Carolina's long-arm statute to encompass such activity when the state courts themselves have not done so.

## II. Exercising personal jurisdiction over Defendant EcoHealth would violate the due process clause of the Fourteenth Amendment.

In addition to satisfying the state long-arm statute, the plaintiff must show that exercising personal jurisdiction over the defendant would not violate due process. Due process requires that a defendant have "certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotations omitted). Two types of personal jurisdiction are recognized: general and specific. *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017).

### A. The Court lacks general personal jurisdiction over Defendant EcoHealth.

A plaintiff asserting general jurisdiction must establish that the defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The paradigm bases for general jurisdiction for a corporation are the place of incorporation and the principal place of business. *Daimler AG*,

4

571 U.S. at 137. Only in an "exceptional case" may a corporation be deemed at home and subject to general jurisdiction in any other state. *Id.* at 139 n.19.

Here, the Court clearly lacks general personal jurisdiction over EcoHealth. EcoHealth is incorporated in the Commonwealth of Massachusetts, and maintains its principal place of business in Manhattan. [DE 10-1 at 1]. Defendant has no connections with North Carolina that could be construed as consistent and systematic.

### B. *The Court lacks specific personal jurisdiction over Defendant EcoHealth.*

Specific personal jurisdiction can apply when general jurisdiction does not. It "covers defendants less intimately connected with a State, but only as to a narrower class of claims." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021). In these instances, the plaintiff's claim must "arise[] out of or relate to the defendant's contacts with the forum." *Daimler AG*, 571 U.S. at 127 (2014) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). A court may not exercise specific jurisdiction over a defendant unless that defendant has "certain minimum contacts ... such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co.*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

The Fourth Circuit has adopted a three-prong minimum contacts test to evaluate the due process requirements of specific jurisdiction. The Court must analyze "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 352 (4th Cir. 2020).

As before, plaintiff alleges no facts supporting specific personal jurisdiction in her complaint and, in her reply, points to the 2018 research proposal that Dr. Baric worked on at the University of North Carolina [DE 15 at 21]. Reading the complaint and reply in the most generous light, they amount to allegations that Dr. Baric was added to a research grant with EcoHealth, *id.* at 23, exchanged drafts of an unfunded research proposal with researchers at EcoHealth *id.* at 21, and that the President of EcoHealth mentioned the University of North Carolina in Congressional testimony, *id.* at 22. Plaintiff also points to the numerous connections that the plaintiff and decedent have with North Carolina, though those connections do not enter into whether the Court has personal jurisdiction over the defendant. *Id.* at 24.

The first prong considers whether the defendant purposefully availed themselves of the privilege of conducting business in North Carolina. Purposeful availment can be evidenced by whether the defendant maintained officers or agents in the state, owned property in the state, reached into the state to initiate business, deliberately engaged in long-term business activities in the state, or whether the outside entity contacted a resident of the state about business activities. *UMG Recordings, Inc.*, 963 F.3d at 352 (2020). Here, EcoHealth cannot be said to have "purposefully availed" themselves of the benefits and protections of the state. EcoHealth did not have offices in or do business within North Carolina—at most, they expressed an intent to conduct research activities in North Carolina in the future. Dr. Baric's work on the rejected 2018 research proposal also does not show purposeful availment, as the minimum contacts analysis looks to "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014).

The second prong concerns whether the plaintiff's claims arose out of the defendant's activities that were directed at the state. Normally, this prong is easily satisfied when the "activity

6

in the forum state is 'the genesis of [the] dispute," and "substantial correspondence and collaboration between the parties, one of which is based in the forum state, forms an important part of the claim." *UMG Recordings, Inc.*, at 354. Here, however, defendant's activities with Dr. Baric in the forum state are not the genesis of the dispute—rather, the genesis of the dispute is EcoHealth's alleged interactions with the Wuhan Institute of Virology, well outside the borders of North Carolina. Further, EcoHealth never engaged in any correspondence or collaboration with the plaintiff in this suit. As such, the plaintiff's claim did not "arise out of" the defendant's activities directed at North Carolina. This alone precludes specific personal jurisdiction.

The third and final prong considers whether the exercise of personal jurisdiction would be constitutionally reasonable. In making this assessment, the Court considers "(1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies." *New Venture Holdings, L.L.C. v. DeVito Verdi, Inc.*, 376 F. Supp. 3d 683, 696–97 (E.D. Va. 2019) (citing *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 279 (4th Cir. 2009)). While North Carolina does have an interest in adjudicating wrongful death suits brought by its citizens, it would be highly prejudicial to hale into court a defendant from New York who lacks minimum contacts with North Carolina. Such an expansive interpretation of personal jurisdiction would not further the judicial interests of consistency and efficiency.

Plaintiff has failed to demonstrate a basis for exercising personal jurisdiction over Defendant EcoHealth, and the motion to dismiss must be granted. To do otherwise would "offend traditional notions of fair play and substantial justice." See *Dykes v. National Institutes of Health*

7

Case 7:24-cv-00007-BO-KS    Document 19    Filed 11/18/24    Page 7 of 11

*et al.*, Case No. 4:22-CV-00774-BCW at 5 (W.D. Mo. 2024) (dismissing similar case against EcoHealth in Missouri for lack of personal jurisdiction).

### III. Plaintiff has failed to make out a claim adequate to survive dismissal under Rule 12(b)(6).

Assuming, *ad arguendo*, that the Eastern District of North Carolina could exercise personal jurisdiction over the defendant, the Court will briefly discuss Defendant EcoHealth's motion to dismiss for failure to state a claim under Rule 12(b)(6).

A motion for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. See Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard does not require detailed factual allegations, *ACA Fin. Guar. Corp. v. City of Buena Vista, Virginia*, 917 F.3d 206, 212 (4th Cir. 2019), but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Although the court accepts the factual allegations as true, the court does not accept the complaint's legal conclusions, so "simply reciting the cause of actions' elements and supporting them by conclusory statements does not meet the required standard." *ACA Fin. Guar. Corp.*, 917 F.3d at 212.

### A. Defendant EcoHealth did not owe a duty of care to Henry Strickland.

To successfully plead a negligence claim, the plaintiff must allege "(1) a legal duty; (2) a breach thereof; and (3) injury proximately caused by the breach." *Mathis v. Terra Renewal Servs., Inc.*, 69 F.4th 236, 243 (4th Cir. 2023) (quoting *Stein v. Asheville City Bd. of Educ.*, 626 S.E.2d 263, 267 (N.C. 2006)). A legal duty of care exists when there is a "special relationship" between the parties that gives rise to such a duty, such as dependance or control. *Davidson v. Univ. of N. Carolina at Chapel Hill*, 543 S.E.2d 920, 927 (N.C. App. 2001).

Here, plaintiff does not allege in her complaint that EcoHealth Alliance owed a duty of care to the decedent at all, nor does she allege that a special relationship existed between the decedent and the defendant [DE 1 at 5]. In response to the motion to dismiss, plaintiff claims that a duty existed because Strickland's death was "foreseeable." [DE 15 at 28].

However, North Carolina does not recognize a common law duty based on foreseeability alone, *McDaniel v. John Crane, Inc.*, 2021 WL 1111154 at *15 (M.D.N.C. 2021) (analyzing North Carolina law), and the plaintiff points to no facts supporting the existence of a special relationship. *Fussell v. N. Carolina Farm Bureau*, 680 S.E.2d 229, 233 (N.C. App. 2009). Absent this critical element, allowing this claim to go forward would contravene a bedrock principle of negligence law—that a defendant should only be liable for harms inflicted upon those to whom it owes a duty.

### B. Gain-of-function research is not an ultrahazardous activity under North Carolina law.

Finally, Strickland argues that gain-of-function research is an ultrahazardous activity that imposes liability on the defendant for all resulting harms, whether or not a duty was owed to the plaintiff. For the purposes of a motion to dismiss, and for those purposes alone, the Court is required to accept as true that the EcoHealth Alliance was facilitating gain-of-function research at the Wuhan Institute of Virology. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).

9

Ultrahazardous activities are defined as activities that are "so dangerous that even the exercise of reasonable care cannot eliminate the risk of serious harm." *DeRose for Est. of DeRose v. DoorDash, Inc.*, 675 F. Supp. 3d 591, 600 (E.D.N.C. 2023). The only activity recognized as ultrahazardous by North Carolina is blasting. *Braswell v. Colonial Pipeline Co.*, 395 F. Supp. 3d 641, 653 (M.D.N.C. 2019) (citing *Jones v. Willamette Indus., Inc.*, 463 S.E.2d 294, 298 (1995)). Plaintiff claims that gain-of-function research qualifies as ultrahazardous because it is impossible to eliminate the dangers that such research poses.

This assertion is flatly incorrect. As evidenced by the plaintiff's own filings, laboratory research is often conducted at different 'biosafety levels.' [DE 15 at 24]. These levels, ranging from BSL-1 (low risk work) to BSL-4 (high risk work), are developed by the Centers for Disease Control and Prevention and are intended to minimize and mitigate the risks posed by work with microbes of all kinds. Marlon Bayot & Kevin King, *Biohazard Levels*, STATPEARLS (Sep. 19, 2022).

Even assuming that Defendant EcoHealth was engaged in gain-of-function research, such research does not qualify as "ultrahazardous" under North Carolina law. Finding otherwise would throw the courthouse doors open to any person who suffered as a result of COVID-19, a population numbering in the hundreds of millions. As before, this Court will not engage in expansions of North Carolina law when the state courts themselves have not done so.

## CONCLUSION

The Court may not exercise personal jurisdiction over EcoHealth pursuant to North Carolina's long-arm statute. Exercising such jurisdiction would also violate the Due Process clause as EcoHealth lacks the minimum contacts necessary to create either general or specific personal jurisdiction in the Eastern District of North Carolina. Haling EcoHealth into this Court would

10

Case 7:24-cv-00007-BO-KS    Document 19    Filed 11/18/24    Page 10 of 11

violate traditional notions of fair play and substantial justice. Further, the plaintiff has failed to make out a negligence or strict liability claim capable of surviving a motion to dismiss.

For the foregoing reasons, Defendant EcoHealth Alliance's motion to dismiss [DE 9] is GRANTED. The clerk is DIRECTED to close the case.

SO ORDERED, this 18 day of November 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE